MARGARET H. SPENGLER & another[1] vs. TOWN CLERK
OF ARLINGTON & another.[2]

Middlesex.    October 4, 1973. — November 7, 1973.

Present:   TAURO, C.J., BRAUCHER, HENNESSEY, KAPLAN, & WILKINS, JJ.

*Municipal Corporations,* Officers and agents. *Arlington.*

PETITION for a writ of mandamus filed in the Superior
Court on February 12, 1973.

The case was heard by *Zarrow, J.*

*Michael J. Monahan* for the intervener John P. Donahue.

*Walter H. McLaughlin, Jr. (Bruce Oravec* with him) for
the petitioners.

*Joseph H. Purcell,* Town Counsel, for the Town Clerk of
Arlington, submitted a brief.

BRAUCHER, J.   This is a companion case to *Rugg* v. *Town
Clerk of Arlington, ante,* 264 (1973). The petitioner
Spengler, like Rugg, was appointed to the finance committee
of the town of Arlington for a term ending after 1973, and
was removed from the finance committee in February, 1973,

---

[1]William E. Shea, a registered voter.

[2]John P. Donahue.

for failure to attend three consecutive meetings. She sought to run for the office of selectman at the annual town election to be held on March 3, 1973. Her candidacy presented the same question as Rugg's candidacy under St. 1952, c. 503, § 9, as amended by St. 1956, c. 634, § 2.

The petitioners in this case sought a writ of mandamus like that sought in the *Rugg* case. The two cases followed the same course and were tried and decided together, and the appeals and proceedings incident to appeal also followed the same course. We are informed by counsel that Spengler's petition for an injunction was denied by the same judge of the United States District Court for the District of Massachusetts who denied Rugg's petition, that she too organized a "sticker" campaign, and that she received the highest number of votes of the four candidates for two selectman positions.

Spengler presented one contention not made in the *Rugg* case. Before her appointment to the finance committee, the judge found, she was appointed to a school facilities survey committee of the town, and she has served thereon to the present time. She contended that under the town by-laws she therefore could not be a member of the finance committee and hence was not ineligible to run for the office of selectman. The judge did not rule on that contention, and we do not rule on it. We do, however, note that "the law never looks with favor upon a claimant who must rely upon a past dereliction in order to maintain a present right." See *State ex rel. Chealander* v. *Carroll,* 57 Wash. 202, 208 (1910). The respondents contend that membership on the school facilities survey committee was not such an "office" as to disqualify her from the finance committee.

Otherwise this case is identical with the *Rugg* case and is controlled by it. The case is therefore remanded to the Superior Court for further proceedings consistent with the opinion in *Rugg* v. *Town Clerk of Arlington, ante,* 264.

*So ordered.*